IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 6:20-cr-00210-DCC |
| ) | |
| v. ) | |
| ) | |
| VIKTORS SUHORUKOVS ) | |

**AMENDED PRELIMINARY ORDER OF FORFEITURE**

This matter is before the court on the motion of the United States for an Amended Preliminary Order of Forfeiture as to Defendant Viktors Suhorukovs, ("Suhorukovs", "Defendant"), based upon the following:

1.  On March 10, 2020, an Indictment ("Indictment") was filed charging Suhorukovs with four counts of mail fraud, in violation of 18 U.S.C. § 1341.

2.  Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Suhorukovs' conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following

    1.  Cash Proceeds/Forfeiture Judgment[1]:

        A sum of money equal to all proceeds the Defendant obtained directly or indirectly from the offenses charged in the Indictment, that is, a minimum of approximately $1,279,409.01 in United States currency, and all interest and proceeds traceable thereto.

---

[1] The government is seeking a $2,103,337.64 forfeiture judgment against the Defendant. This amount represents the total amount of restitution owed to the victims ($4,521,593.27) minus the total value of the seized funds which Defendant agreed to administratively forfeit contained in paragraph 4 below, pages 2-3 ($2,418,255.63).

Order, p. 1 of 5

2. <u>Checks</u>:

Nine-hundred sixteen (916) negotiable instruments[2] with a face value of $1,279,409.01[3], which were seized from the custody of United Bank, in the names of Patent and Trademark Office and Patent and Trademark Bureau.

3. On January 12, 2021, Suhorukovs pled guity to the four counts of mail fraud and pursuant to a witten plea agreement, agreed to forfeiture of the checks and the entry of a forfeiture judgment.

4. Additionally, pursuant to the written plea agreement, Suhorukovs agreed to forfeiture of the below-listed funds and electronic devices:

<u>Funds</u>[4]:

i. $268,010.38 in funds seized from Wells Fargo Bank, N.A., which were originally on deposit in checking account XXXXXX6060 in the name of Patent and Trademark Office, LLC.

ii. $269,351.09 in funds seized from Capital One, which were originally on deposit in checking account XXXXXX2923 in the name of Patent and Trademark Office, LLC.

iii. $28,397.53[5] in funds seized from Capital One, which were originally on deposit in checking account XXXXXX2074 in the name of Patent and Trademark Bureau, LLC.

iv. $1,682,446.56 in funds seized from JP Morgan Chase & Co. which were originally on deposit in checking account

---

[2] The correct number of checks is 917. There was a counting error regarding the checks when this case was indicted.

[3] The correct face value of the 917 checks is $1,280,325.01. As noted in footnote 2, there was a counting error regarding the checks when this case was indicted.

[4] The funds have been administratively forfeited. The seizing agency will seek to have the total amount of funds applied towards restitution ordered by the court at sentencing.

[5] There is a typographical error in the plea agreement regarding the amount of funds seized from the Capital One checking account x 2074. The correct amount is $28,397.54. Defendant agrees to administratively forfeit the funds in this account.

      XXXXXX2123 in the name of Patent and Trademark Office, LLC.

  v.  $170,050.06 in funds seized from JP Morgan Chase & Co. which were originally on deposit in checking account XXXXXX5881 in the name of Patent and Trademark Bureau, LLC.

<u>Electronic Devices</u>:

  i.  Black Samsung Galaxy A40;

  ii.  Black iPhone 5;

  iii.  Black Dell Latitude laptop;

  iv.  Seagate external hard drive;

  v.  Verbatim thumb drive;

  vi.  Transcend thumb drive;

  vii.  red Kingston thumb drive; and

  viii.  blue thumb drive.

  5.  Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

  6.  The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Suhorukovs has been convicted; therefore, the United States is entitled to an amended preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Viktors Suhorukovs, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

   1. <u>Checks:</u>

      Nine-hundred seventeen (917) negotiable instruments with a face value of $1,280,325.01, which were seized from the custody of United Bank, in the names of Patent and Trademark Office and Patent and Trademark Bureau.

   2. <u>Electronic Devices</u>:

      i. Black Samsung Galaxy A40;

      ii. Black iPhone 5;

      iii. Black Dell Latitude laptop;

      iv. Seagate external hard drive;

      v. Verbatim thumb drive;

      vi. Transcend thumb drive;

      vii. red Kingston thumb drive; and

      viii. blue thumb drive.

2. FORFEITURE IS ORDERED against Viktors Suhorukovs and in favor of the United States for $2,103,337.64[6], along with appropriate costs and interest thereon at

---

[6] This amount represents the total amount of restitution owed to victim ($4,521,593.27) minus the total value of the seized funds which Defendant agreed to administratively forfeit contained in paragraph 4 above ($2,418,255.63).

the rate provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the forfeiture judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the personal forfeiture judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7. Upon entry of this Order, the United States or their designee is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

8. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of

notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

9. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. CRim. P. 32.2(e).

13. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

14. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                                            s/Donald C. Coggins, Jr.
                                                            DONALD C. COGGINS, JR.
                                                            UNITED STATES DISTRICT JUDGE

September 15, 2021
Spartanburg, South Carolina